UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW S. ANDERSEN,

    Plaintiff,

    v.

JENNIFER SHAFFER,

    Defendant.

No. 2:20-cv-00999-KM-CKD

ORDER

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.    Allegations in the Complaint**

Plaintiff is a life prisoner serving an indeterminate sentence in the custody of the California Department of Corrections and Rehabilitation. Prior to being considered for release on

2

parole, plaintiff received a comprehensive risk assessment performed by Dr. Nameeta Sahni on October 1, 2015.  Plaintiff alleges that Dr. Sahni's report, which concluded that he posed a moderate risk of danger if released on parole, was an impermissible infringement "on his beliefs, thoughts, content of speech, and manner of speech." ECF No. 1 at 8.  In this civil action, plaintiff is raising a facial and as-applied First Amendment challenge to § 2240 of Title 15 of the California Code of Regulations which governs the use and content of such comprehensive risk assessments.   The only named defendant is the Executive Director of the California Board of Parole Hearings.  By way of relief, plaintiff seeks declaratory and injunctive relief preventing defendant from using his 2015 comprehensive risk assessment or the HCR-20-V3 assessment tool at any future parole hearing.

**III.     Legal Standards**

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct.").  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

To the extent that defendant is being sued in her official capacity as the official in charge of the Board of Parole Hearings, plaintiff must allege that the entity had a policy or custom that was followed and was the cause of the plaintiff's federal rights being violated.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55 (1978).  "[W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

"In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that 'by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct.'" Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999) (citation omitted). While the First Amendment protects an individual's freedom of expression, it does not require the government to engage in viewpoint neutral speech. "[T]he First Amendment forbids the government to regulate speech in ways that favor some viewpoints or ideas at the expense of others,'" Lamb's Chapel v. Center Moriches Union Free School Dist., 508 U.S. 384, 394 (1993) (citation omitted). However, as explained by the Supreme Court in Matal v. Tam, 137 S. Ct. 1744, 1757-58 (2017), "[w]hen a government entity embarks on a course of action, it necessarily takes a particular viewpoint and rejects others. The Free Speech Clause does not require government to maintain viewpoint neutrality when its officers and employees speak about that venture." Id. at 1757; see also Johanns v. Livestock Marketing Assn., 544 U.S. 550, 553 (2005) (stating that "the Government's own speech… is exempt from First Amendment scrutiny").

**IV.    Analysis**

It is unclear to the court whether plaintiff is suing defendant Shaffer in her individual or official capacity. Construed as individual capacity claims, plaintiff fails to allege how defendant Shaffer personally participated in the alleged constitutional violations, especially since she did not prepare the 2015 comprehensive risk assessment in dispute. To the extent that plaintiff is alleging official capacity claims, he does not allege any policy or custom of the BPH that caused the violation of his rights. Consequently, the First Amendment claims against defendant Shaffer, whether construed as individual or official capacity claims, must be dismissed. Moreover, the BPH's use of specific risk assessment tools in parole suitability determinations falls within the government speech exemption to the First Amendment. See Matal, 137 S. Ct. at 1757-58. Therefore, plaintiff's First Amendment challenges fail to state a claim for relief. The court will, however, grant leave to file an amended complaint.

////

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The complaint is being dismissed because it fails to state any cognizable claim for relief against defendant Shaffer. You are being given the chance to fix this by filing a first amended complaint. If you choose to do so, pay careful attention to the legal standards explained in this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  December 14, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/ande0999.14.docx