UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. ANDERSEN, | No. 2:20-cv-00999-KJM-CKD P |
| Plaintiff, | |
| v. | ORDER and FINDINGS AND RECOMMENDATIONS |
| JENNIFER SHAFFER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in the pending civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff has filed a first amended complaint which is now before the court for screening.

**I.     Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

## II. Allegations in the Amended Complaint

In his amended complaint, plaintiff sues the State of California, the Board of Parole Hearings ("BPH"), Governor Gavin Newsom, the Executive Director of the BPH, several individual forensic psychologists employed by the BPH, and two BPH Commissioners who presided at plaintiff's most recent parole hearing in 2020. ECF No. 12. The allegations in the amended complaint characterize the parole system in California as "a belief and thought control system." ECF No. 12 at 14. Plaintiff asserts five causes of action against defendants for violating his First Amendment right to freedom of speech and his Fourteenth Amendment right to due process. ECF No. 12 at 26-29. By way of relief, plaintiff seeks various forms of declaratory and injunctive relief. ECF No. 12 at 30-31.

## III. Legal Standards

### A. First Amendment

A prisoner's First Amendment rights are necessarily "more limited in scope than the constitutional rights held by individuals in society at large." Shaw v. Murphy, 532 U.S. 223, 229 (2001)(holding that prisoners do not have a First Amendment right to provide legal assistance to other inmates). Thus, an inmate retains only "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974); Bell v. Wolfish, 441 U.S. 520, 545 (1979); Prison Legal News v. Cook, 238 F.3d 1145, 1149 (9th Cir. 2001).

A prison regulation that infringes on a constitutional right "is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). The Supreme Court adopted a four-part standard in Turner for evaluating the constitutionality of prison regulations. Id. "First, there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it." Turner, 482 U.S. at 89 (internal citation omitted). Next, the court reviews whether alternative means for exercising the constitutional right remain open to inmates. Id. at 90. "A third consideration is the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally." Id. Lastly, the court considers whether there exist

reasonable alternatives to the prison regulation that could be implemented with a de minimis cost to the interests of the prison. Id. at 90-91.

**B. Due Process**

Prisoners do not have a federal constitutional right to be released on parole before the expiration of their term of imprisonment. Swarthout v. Cooke, 562 U.S. 216, 220 (2011); Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). California, however, has statutorily created a liberty interest in parole. See Swarthout, 562 U.S. at 220; McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole."), overruled on other grounds by Swarthout, 562 U.S. 216. Accordingly, California authorities must provide some procedural protections when determining parole eligibility. Swarthout, 562 U.S. at 219. The procedures required however, are minimal--prisoners must be provided only an opportunity to be heard and a statement of reasons why parole was denied. Id. at 220. Outside of these procedural protections, mere errors in the application of state law do not constitute a denial of due process. See Swarthout, 562 U.S. at 222 (quoting Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)). "[T]he responsibility for ensuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the [federal court's] business." Id.

**C. Eleventh Amendment**

The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Moreover, a governmental agency that is an arm of the state is not a person for purposes of § 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990); Sato v. Orange Cty. Dep't of Educ., 861 F.3d 923, 928 (9th Cir. 2017) (explaining agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court).

/////

**IV. Analysis**

The court has reviewed plaintiff's first amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. First, in his amended complaint plaintiff has named the State of California and the Board of Parole Hearings as defendants. The State of California has not consented to suit. Accordingly, plaintiff's claims against these defendants are barred by the Eleventh Amendment and must be dismissed.

To the extent that the amended complaint challenges the scientific validity of the Comprehensive Risk Assessment ("CRA") used in determining plaintiff's suitability for parole, such allegations do not establish any constitutional claim for relief. See ECF No. 12 at 19 (stating that "[p]laintiff can point to alternative remedies that would provide greater procedural protection and save cost."). There is no federal substantive due process right that requires state parole officials to utilize any particular analytical model for determining recidivism or risk of dangerousness if released on parole. See Swarthout, 562 U.S. at 222 (emphasizing that "[b]ecause the only federal right at issue is procedural, the relevant inquiry is what process Cooke and Clay received, not whether the state court decided the case correctly."). Federal due process is limited to certain minimal procedures including the opportunity to be heard and a statement of reasons for the denial of parole. Absent these procedural due process protections, the Constitution demands nothing more. Accordingly, the amended complaint fails to state a cognizable due process challenge against any defendant.

Plaintiff's claims for relief under the First Amendment are entirely conclusory and are too convoluted to state a claim upon which relief can be granted. As the court understands it, plaintiff is alleging that defendants evaluated his particular "beliefs, thoughts, content of speech, and manner of speech" to opine that he was not suitable for parole because he was a risk to public safety. ECF No. 12 at 16. Plaintiff avers that the decisions to deny him parole in 2015 and 2020 had a chilling effect on his freedom of expression in violation of the First Amendment. As plaintiff was previously advised, in order to demonstrate a First Amendment violation, he must provide evidence showing that defendants "deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct.'" Mendocino

4

Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999) (citation omitted). ECF No. 7 at 4 (screening order). The allegations in the amended complaint do not allege that chilling plaintiff's speech was "a substantial or motivating factor" in defendants' decision that plaintiff was not suitable for parole based on his risk of recidivism. Therefore, the allegations based on the First Amendment fail to state a cognizable claim against any named defendant.

Plaintiff's facial challenges to the specific state statutes governing parole suitability also fail to state a claim for relief applying the four-part Turner standard. The court has no doubt that California's parole suitability standards are reasonably related to the legitimate penological interest in ensuring that violent inmates are not released into the community. Requiring inmates to have a psychological assessment to determine their risk of recidivism is logically connected to a parole suitability determination by the Board of Parole Hearings. The challenged regulations do not preclude plaintiff from learning or communicating about his alternative relapse prevention strategies in non-parole related forums within the prison setting. See Pell v. Procunier, 417 U.S. at 827-28 (finding that "in light of the alternative channels of communication that are open to prison inmates, …this restriction on one manner in which prisoners can communicate with persons outside of prison is unconstitutional"). Therefore, the court finds that plaintiff's amended complaint does not state a claim for relief based on his facial challenge to California's specific parole statutes.

**V.    Leave to Amend**

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment,

the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

It appears to the court that further amendment would be futile because plaintiff's factual allegations do not establish any constitutional claim for relief as a matter of law even after leave to amend was previously granted. Therefore, the undersigned recommends that this action be dismissed without further leave to amend. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### VI. Plain Language Summary

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your first amended complaint be dismissed because it fails to state any cognizable claim for relief. Allowing you to amend the complaint would be futile at this point. As a result, it is recommended that you not be granted leave to amend your complaint and that this civil action be closed.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result. Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will then make a final decision.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to expedite the screening of his amended complaint (ECF No. 13) is denied as moot in light of the recommendation to dismiss his first amended complaint for failing to state a claim.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's first amended complaint (ECF No. 12) be dismissed without leave to amend.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1 | "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2 | objections shall be served and filed within fourteen days after service of the objections.  The
3 | parties are advised that failure to file objections within the specified time may waive the right to
4 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 10, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/ande0999.F&R.docx